IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDIA PARTNERS, LLC, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 15-4055 |
| | : | |
| FOREMOST INSURANCE COMPANY, | : | |
| Defendant. | : | |

**MEMORANDUM**

Perkin, M.J.                                                                                                                                            September 30, 2016

        Sandia Partners, LLC ("Plaintiff" or "Sandia Partners") filed this action for breach of contract and bad faith against Foremost Insurance Company Grand Rapids, Michigan ("Defendant" or "Foremost"), incorrectly named Foremost Insurance Company, in the Court of Common Pleas of Philadelphia County on May 21, 2015.  On July 22, 2015, Foremost removed the matter to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.[1]

**I.       BACKGROUND AND FACTS.**

        On May 22, 2014, Sandia Partners suffered damage to multiple residential rental properties arising out of a hail storm in and around Reading, Pennsylvania. On April 7, 2015, Plaintiff submitted a claim under a "Dwelling Fire One Policy Landlord" insurance policy ("the Policy") with the Defendant for the May 22, 2014 damage at fifteen of its properties listed in the Policy.  The Policy provides coverage for damage occasioned by hail.  A dispute arose between the parties as to whether or not the Defendant was entitled to assess the $5000 deductible with

---

[1]     This case was originally assigned to the docket of the Honorable Joseph F. Leeson, Jr.  The parties filed a *Consent and Reference of a Civil Action to a Magistrate Judge* on October 16, 2015. (Dkt.No. 12.)  The case was referred to me in accordance with 28 U.S.C. §636(c) and Fed. R. Civ. P. 73.

regard to each separate property covered under the Policy when determining the insurance proceeds for each property.

Both parties seek summary judgment pertaining to the applicable deductible for Sandia Partners' claim and they offer different interpretations of the same provision.  Oral argument was held on these motions on March 22, 2016.  The parties submitted a stipulation of facts[2] as follows:

    1. The certified policy was in effect on May 22, 2014,

    2. On May 22, 2014, the following properties were listed as insured locations:

>1148 Cotton Street, Reading PA
>23 Croydon Terrace, Reading PA
>1446 Muhlenberg Street, Reading PA
>1038 Douglass Street, Reading PA
>44 S. Hull Street, Reading PA
>143 S. 11th Street, Reading PA
>925 Pike Street, Reading PA
>1455 Moss Street, Reading PA
>1449 Moss Street, Reading PA
>934 Muhlenberg Street, Reading PA
>327 Lombard Street, Reading PA
>1121 Muhlenberg Street, Reading PA
>1104 Spruce Street, Reading PA
>564 Douglass Street, Reading PA
>427 N. 5111 Street, Reading, PA

    3. On May 22, 2014, the properties identified in paragraph 2 were damaged by a hail storm.

    4. On April 7, 2015, a claim was made for the hail damage alleged to have occurred on May 22, 2014.

---

[2] *See* Document Nos. 19-1 and 21-1.

     5. Foremost Insurance Company, Grand Rapids Michigan, applied a $5,000.00 deductible per property.

**II.**    <u>**STANDARD OF REVIEW**</u>**.**

     Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. *Anderson*, 477 U.S. at 249. A factual dispute is material only if it might affect the outcome of the suit under governing law. *Id.* at 248.

     To defeat summary judgment, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (citing *Celotex*, 477 U.S. at 325). The non-moving party has the burden of producing evidence to establish *prima facie* each element of its claim. *Celotex*, 477 U.S. at 322-323. If the court, in viewing all reasonable inferences in favor of the non-moving party, determines that there is no genuine issue of material fact, then summary judgment is proper. *Id.* at 322; *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987). When the non-moving party will bear the

burden of proof at trial, the moving party's burden can be "discharged by 'showing' - that is, pointing out to the District Court - that there is an absence of evidence to support the non-moving party's case." *Jones v. Indiana Area Sch. Dist.*, 397 F. Supp.2d 628, 642 (W.D. Pa. 2005) (quoting *Celotex*, 477 U.S. at 325).

The summary judgment standard does not change when cross-motions for summary judgment are filed by the parties. *Applemans v. City of Phila.*, 826 F.2d 214, 216 (3d Cir. 1997). When addressing cross-motions for summary judgment, "[t]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." *Schlegel v. Life Ins. Co. of N. Am.*, 269 F. Supp.2d 612, 615 n.1 (E.D. Pa. 2003)(quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2720 (1998)).

### III.   DISCUSSION.

#### A.   Jurisdiction.

This Court has jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs and there is complete diversity of citizenship between Sandia Partners and Foremost. Sandia Partners is a Pennsylvania corporation and Foremost is a corporation organized and existing under the laws of the state of Michigan with its principal place of business in Caledonia, Michigan. The properties covered by the Policy are situated in Berks County, Pennsylvania, located within the geographical boundaries of the Eastern District of Pennsylvania.

B.  **The Parties' Claims.**

Sandia Partners argues that only one $5,000 deductible should apply to the loss to all of the subject properties due to the fact that there was one storm. In other words, there was one hail storm occurrence, therefore one $5,000 deductible should be applied. In support of this argument, Plaintiff refers to the policy language concerning "deductible" which states:

> No deductible will be applied to coverage A - Dwelling in the event of a total loss unless stated otherwise in this policy. All other losses will be subject to the deductible shown in this policy.

Plaintiff further asserts that even though each property is scheduled separately as a "location" on the Declarations Page of the Policy, and even though the Policy repeats the following language for each separate location, "SECTION 1 LOSSES ARE SUBJECT TO A DEDUCTIBLE OF: $5000," there is only one "Section 1" of the policy and therefore the deductible should only be applied once. Sandia Partners notes that the Policy was purchased as a single policy of insurance, the deductible is referenced in the singular, the Policy assigns a single "Total Annual Policy Premium" of $8,140, one policy number covers all of the insured locations, and Sandia Partners had a reasonable expectation that it purchased a single policy for all of its properties and that only one deductible would apply per occurrence. Sandia Partners contends that the deductible clause is an ambiguity which must be construed against Foremost as the drafter of the policy, and the correct interpretation of the ambiguous clause in the Policy provides for one $5,000 deductible for all losses suffered in one occurrence by each and every one of the scheduled properties which suffered the loss.

Foremost, on the other hand, argues that the policy at issue is known as a scheduled or specific policy which is "one which allocates the amount of the risk in stated values

upon the several items embraced in the coverage, or covers property at a designated location for a stated amount, or insures against a specific peril." *Abraxas Group, Inc. v. Guaranty National Ins. Co.*, 648 F.Supp. 304, 306 (W.D. Pa. 1986).  A scheduled policy "separately schedules different items of property" and "each separately treated item of property is in effect covered by a separate contract of insurance and the amount recoverable with respect to a loss affecting such property is determined independently of the other items of property." *Id.*  Foremost also argues that, based upon the Declarations Page and the language of the Policy, the $5,000 deductible applies to each of the listed properties which were damaged in the hail storm.  Further, according to Foremost, when a policy has separately scheduled properties, as in this Policy, each property is actually subject to a separate policy of insurance. As a result, Foremost contends that the term "deductible" in the Policy refers to separate $5,000 deductibles for each property listed on the Declarations Page.

    **C.**    **Analysis.**

When exercising diversity jurisdiction, a federal court sitting in Pennsylvania must predict how the Supreme Court of Pennsylvania would decide questions of state law. *Specialty Surfaces Int'l Inc. v. Cont'l Cas. Co.*, 609 F.3d 223, 237 (3d Cir. 2010)(citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938)). "Construction of a contract is within the province of the court.  Construction is the process by which legal consequences are made to follow from the terms of the contract and its more or less immediate context, and from a legal policy or policies that are applicable to the situation." *Abraxas Group, Inc.*, 648 F. Supp. at 305 (citing *Ram Construction Co. Inc. v. American States Ins. Co.*, 749 F.2d 1049 (3d Cir. 1984)).  "The determination of a provision's ambiguity is 'generally performed by a court rather than a jury.'"

*Fry v. Phoenix Ins. Co.*, 54 F. Supp.3d 354, 361 (E.D. Pa. 2014)(Stengel, J.) (quoting *401 Fourth Street, Inc. v. Investors Ins. Gp.*, 879 A.2d 166, 171 (2005)(quoting *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*,, 735 A.2d at 106 (Pa. 1999)). Moreover, "[a] disagreement between the parties on the meaning of a provision of the policy does not necessarily render the provision ambiguous." *Id.* (citing *12th Street Gym, Inc. v. Gen. Star Indem. Co.*, 93 F.3d 1158, 1165 (3d Cir. 1996)(citing *Vogel v. Berkley*, 511 A.2d 878, 881 (1986)). Both parties ask the Court to accept that the terms of the Policy are unambiguous and that their respective interpretation is the one the parties intended. Because we believe that the terms of the Policy are unambiguous, the interpretation of the Policy is a matter that this Court will decide. *See Abraxas Group, Inc.*, 648 F. Supp. at 305 (citing *Erie County v. American States Ins. Co.*, 573 F. Supp. 479 (W.D. Pa. 1983)).

    A review of each "Section 1" of the Declarations Page of the Policy is illuminating regarding the issue currently before this Court. First, each property is separately listed and described as a separate location with specific information regarding what is insured at each location. For example, under the heading of LOCATION #1, the address and premises description including the type of construction of the property, the use of the property, the year it was built and the County in which the property is located are set forth. For each location, the specific amount of "Section 1" coverage includes coverage for the dwelling, and each dwelling has a separate Dwelling Amount of Insurance and assessed annual premium. To clarify, under LOCATION #1, the dwelling is insured for $100,000 with an assessed annual premium of $376. This "Section 1" format continues for the rest of the properties set forth in the Declarations Page.

Importantly, within the "Section 1" coverage section for each separately listed property immediately following the Dwelling Amount of Insurance and assessed annual premium amount, the following line is printed: "SECTION 1 LOSSES ARE SUBJECT TO A DEDUCTIBLE OF: $5000 - ALL PERILS." The Policy outlines property damage coverage for each location. As a scheduled policy, each separately delineated location is effectively covered by a separate contract of insurance. *See Abraxas*, 648 F. Supp. at 306. To this Court, this indicates that a separate $5,000 deductible would have to be applied to each separate location just as it would if there was a physically separate insurance contract for each property location under which Sandia Partners would be responsible for the deductible on each property.

The mere fact that the clause dealing with the deductible lists the word "deductible" in the singular rather than plural form does not create an ambiguity simply because the Policy has more than one property scheduled. Here, the Declarations Page provides a clear understanding of Foremost's obligation regarding payment for loss to each property. Therefore, Plaintiff's contention that it had a reasonable expectation that it purchased a single policy of insurance for all of its properties and that only one $5,000 deductible would be applied per occurrence is unreasonable, especially because the referenced schedule includes property-specific amounts of insurance coverage.

Sandia Partners also posits that because there was one hail storm, there was one loss under the Policy and only one $5,000 deductible should apply regardless of how many properties were damaged. Plaintiff relies on case law where the subject policies specify that the deductible applies per occurrence, which the Policy in this case does not indicate. Instead, the Policy provides that "[a]ll other losses will be subject to the deductible shown in this policy."

Although the term "losses" is not defined in the Policy, Sandia Partners' claim was for damages to each location. Thus, there was not one loss, but rather fifteen covered losses and the Policy language "all other losses" logically refers to each of the fifteen locations which sustained damage and Sandia Partners' claims for damages at each location. Because a separate $5,000 deductible is shown in the Policy for each covered location, each loss requires the subtraction of the $5,000 applicable deductible for each property.

If this Court follows Sandia Partners' argument that only one $5,000 deductible should apply for the combined damage at the fifteen locations with no corresponding deductible for each of the scheduled locations which were damaged, this allows for an inconsistent interpretation of the Policy whereby the deductible would only apply to one scheduled location while the other damaged locations would be afforded full coverage without application of the corresponding listed deductible. This interpretation means that the Policy pays more of the loss for any one location even if other locations are simultaneously damaged. This creates a result where Foremost would pay the full value of each damaged location less the $5,000 deductible for only one of the covered and damaged locations. Thus, the reasonable interpretation is to charge the specific $5,000 deductible for each damaged location if multiple locations were damaged.

## IV.  CONCLUSION.

Sandia Partners' interpretation of the deductible clause is an unreasonable construction. The language in the Policy regarding the deductible is unambiguous and, based on the Declarations Page and the language of the Policy, the $5,000 deductible applies to each property for which claims were made following the May 22, 2014 hail storm. Thus, Foremost's

Cross-Motion for Partial Summary Judgment on the issue of the deductible will be granted, and Sandia Partner's Cross-Motion for Summary Judgment will be denied.

      An appropriate Order follows.